IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**MARCUS LOCKHART**                                                            **PLAINTIFF**

v.                              No: 3:19-cv-00037 DPM-PSH

**BLACK; and K. BOWERS**                                                  **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Marcus Brian Lockhart filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 25, 2019, while incarcerated at the Craighead County Detention Center (Doc. No. 2). Lockhart was ordered to file an amended complaint describing why he believes he is currently in imminent danger of serious physical injury, how each defendant violated his constitutional rights, and whether he sues defendants in their individual and/or official capacities. Doc. No. 3. Lockhart filed his amended complaint on March 11, 2019, indicating he is suing defendants in their official

capacities only. *See* Doc. No. 4. For the reasons stated herein, Lockhart's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Lockhart sues defendants in their official capacities. *See* Doc. No. 4 at 2. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot

be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, the defendant county employees can only be held liable in their official capacities in this case if Lockhart can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

Lockhart complains that a leaking toilet in his cell creates an unsafe condition and that defendant Black refuses to treat injuries he sustained after falling on the wet floor. Doc. No. 4 at 6-8. Lockhart does not assert that a custom or policy of Craighead County was the moving force behind the claimed violations of his constitutional rights. Accordingly, his complaint fails to state a claim upon which relief may be granted and should be dismissed. Additionally, his application to proceed *in forma pauperis* (Doc. No. 1) should be denied as moot.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Lockhart's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Lockhart's application to proceed *in forma pauperis* (Doc. No. 1) should be denied as moot.

3. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 19th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE